UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALERTONE SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> RQ CONSTRUCTION, LLC, <br><br> Defendant. | Case No. 1:25-cv-00493-CDB <br><br> ORDER VACATING SCHEDULING CONFERENCE <br><br> (Doc. 4) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS <br><br> (Doc. 4) <br><br> **14-DAY OBJECTION PERIOD** <br><br> <u>Clerk of the Court to Randomly Assign District Judge</u> |

**Background**

Plaintiff Alertone Service, Inc. ("Plaintiff") initiated this action with the filing of a complaint on April 28, 2025. (Doc. 1). On July 21, 2025, the Court issued an order directing Plaintiff to show cause why sanctions should not be imposed for Plaintiff's failure to comply with the Court's direction to file proofs of service of summons and complaint. (Doc. 4). Plaintiff failed to timely file any response to the Court's order.

In its order, the Court admonished Plaintiff that "**[a]ny failure by Plaintiff to timely**

**respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action**." *Id.* at 2 (emphasis in original).

In addition to failing to comply with the Court's order to show cause, Plaintiff has failed to timely serve Defendant under Rule 4(m), Fed. R. Civ. P., and the time to do so has expired. Accordingly, for the reasons below, the undersigned will recommend that the Court dismiss this action without prejudice.

### Governing Legal Standards

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. Local Rule 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (quotation and citation omitted).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

///

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders. Plaintiff has filed no response to the Court's order to show cause (Doc. 4), nor any proof of service of summons and complaint upon Defendant. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. Instead, Plaintiff has failed to comply with this Court's order and is, thus, impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court cautioned Plaintiff regarding possible dismissal for failure to obey the Court's orders. *See* (Doc. 4 at 2) ("**Any failure by Plaintiff to timely respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action.**") (emphasis in original).

Plaintiff was adequately forewarned that the failure to timely respond to the show cause

order could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders, and in so doing is failing to prosecute his case, the undersigned finds the sanction of dismissal warranted and will recommend dismissal of this action.

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Because more than 90 days have passed since the filing of the complaint and Plaintiff has not made any showing regarding said failure to serve Defendant, good cause does not exist to further extend the time for perfecting service.

**Conclusion and Recommendation**

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, it is **HEREBY ORDERED** that the scheduling conference set for September 11, 2025, at 10:00 a.m. (Doc. 4) is VACATED.

And **IT IS RECOMMENDED** that:

1. This action be dismissed without prejudice for Plaintiff's failure to prosecute this action, failure to comply with the Court's orders, and failure to comply with Rule 4(m), Fed. R. Civ. P.; and

2. The Clerk of the Court close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///

///

may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 3, 2025**

UNITED STATES MAGISTRATE JUDGE